1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW E. SANFORD,                    No.  2:22-cv-1304 AC P

12                    Petitioner,

13        v.                               ORDER TO SHOW CAUSE

14   BIRD,

15                    Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

19        I.        Petition for Writ of Habeas Corpus

20        Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily

21   dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

22   the petitioner is not entitled to relief in the district court."  Section 2244(d)(1) of Title 28 of the

23   United States Code contains a one-year statute of limitations for filing a habeas petition in federal

24   court.  The one-year clock commences from one of several alternative triggering dates.  See 28

25   U.S.C. § 2244(d)(1).  In this case the applicable date appears to be that "on which the judgment

26   became final by the conclusion of direct review or the expiration of the time for seeking such

27   review."  § 2244(d)(1)(A).  However, under the AEDPA, the statute of limitations is tolled during

28   ////

1

1    the time that a properly filed application for state post-conviction or other collateral review is

2    pending in state court.  28 U.S.C. § 2244(d)(2).

> When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground.  Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).  However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."  Id. at 1043; see also Day v. McDonough, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed.2d 376 (2006).  For a pro se petitioner . . . , the court must make clear the grounds for dismissal and the consequences of failing to respond.  Herbst, 260 F.3d at 1043 (citing Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

9    Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

10       Petitioner seeks to challenge his 2014 conviction on multiple grounds.  ECF No. 1.  After

11    reviewing the petition, the court find that it appears to be untimely.  Petitioner initially indicates

12    that the California Supreme Court denied his direct appeal on March 2, 2021 (id. at 3), though he

13    later states that it was denied on February 10, 2021 (id. at 21), which is the same date reflected on

14    the California Supreme Court's electronic docketing system.[1,2]  Since petitioner did not submit a

15    petition for writ of certiorari to the Supreme Court of the United States (id. at 3), his conviction

16    became final at the expiration of the ninety-day period to seek certiorari.  Clay v. United States,

17    537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Therefore,

18    petitioner's conviction became final on May 11, 2021, and ADEPA's one-year clock began on

19    May 12, 2021.  Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or

20    judgment becomes final is excluded and time begins to run the day after the judgment becomes

21    final (citing Fed. R. Civ. P. 6(a))).  Accordingly, the one-year statute of limitations expired on

22    May 11, 2022, and the instant petition, filed on July 20, 2022, was therefore untimely unless

23    petitioner can show that he is entitled to tolling.

24

[1] This court may take judicial notice of the records of other courts.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).
[2] See docket for California Supreme Court Case Number S266062 at https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2335973&doc_no=S266062&request_token=NiIwLSEmPkg%2FWyApSCJdSEpIMEw0UDxTJSM%2BRzxTUCAgCg%3D%3D.

1    With regard to statutory tolling, the limitations period may be tolled during the time "a

2  properly filed application for State post-conviction or other collateral review with respect to the

3  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  "However, the statute of

4  limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time

5  the first state collateral challenge is filed.'"  Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006)

6  (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)).  Although

7  the petition indicates that petitioner has a state habeas petition pending (ECF No. 1 at 18), he does

8  not provide a case number and his timeline of events indicates that he had not yet filed a state

9  petition at the time he filed the instant petition or that he mailed his state petition at the same time

10  as the instant petition (id. at 21-24).  Any state habeas petition would have had to have been filed

11  prior to the expiration of the one-year statute of limitations to have a tolling effect.  Ferguson v.

12  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  It therefore does not appear that petitioner is

13  entitled to any statutory tolling based upon the information provided in the petition.  Petitioner

14  should submit additional information regarding any state habeas petitions if he believes they

15  would entitle him to tolling of the statute of limitations.

16    A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

17  limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

18  extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida,

19  560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "[T]he

20  statute-of-limitations clock stops running when extraordinary circumstances first arise, but the

21  clock resumes running once the extraordinary circumstances have ended or when the petitioner

22  ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d

23  640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).  An

24  "extraordinary circumstance" has been defined as an external force that is beyond the inmate's

25  control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).  "The diligence

26  required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible

27  diligence.'"  Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).  If

28  ////

1  petitioner believes that he is entitled to equitable tolling, he should provide information showing

2  that he is entitled to equitable tolling.

3         A showing of actual innocence can also satisfy the requirements for equitable tolling.  Lee

4  v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383,

5  386 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more

6  likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt,

7  the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][3] gateway and have his

8  constitutional claims heard on the merits."  Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at

9  386.  To make a credible claim of actual innocence, petitioner must produce "new reliable

10  evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

11  critical physical evidence—that was not presented at trial."  Schlup, 513 U.S. at 324.  Petitioner

12  cannot pursue a claim for actual innocence without new evidence to offer for consideration.

13     II.     Plain Language Summary of this Order for a Pro Se Litigant

14         You will have thirty days to explain to the court why your petition is not too late to be

15  considered.  If you believe that you are entitled to statutory tolling while you were pursuing a

16  state habeas petition, you will need to provide information about the date you filed that petition

17  and when you received any orders granting or denying it.  If you are trying to show the court that

18  you are entitled to equitable tolling, you will need to show that you were diligent in pursuing your

19  claims and that you were faced with extraordinary circumstances that made it impossible for you

20  to file your petition within the one-year time period.  If you are trying to claim tolling based on

21  your actual innocence, you must provide new evidence in support of that claim.  If you cannot

22  show the court that the petition is timely, it will be recommended that the case be dismissed.

23  ////

24  ////

25  ////

26

27  [3]  In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a
procedural default and permit a federal habeas court to reach the merits of otherwise barred
28  claims for post-conviction relief.

4

1       Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order,

2 petitioner must show cause why the petition should not be dismissed as untimely.  Failure to

3 comply with this order will result in a recommendation that the petition be dismissed.

4 DATED: October 20, 2022

5 

6 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28