UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW E. SANFORD,<br><br>        Petitioner,<br><br>    v.<br><br>BIRD,<br><br>        Respondent. | No.  2:22-cv-1304 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed October 20, 2022, petitioner was ordered to show cause why the petition should not be dismissed as untimely.  ECF No. 6.  Petitioner has now filed a response.  ECF No. 7.

      As outlined in the October 20, 2022 order, the statute of limitations to file a federal habeas petition expired on May 11, 2022.  ECF No. 6 at 3.  As a result, the instant petition, filed on July 20, 2022, is untimely unless petitioner can show he is entitled to tolling.  In his response to the order to show cause, petitioner asserts that he is entitled to equitable tolling based on two separate sets of circumstances.  ECF No. 7.

      A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida,

560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).

      Petitioner first claims entitlement to equitable tolling on the ground that he was deprived of his trial transcripts from March 10, 2021 until June 23, 2021. ECF No. 7 at 2. However, even if the court assumes that the statute of limitations was tolled until petitioner received his transcripts, the deadline would be extended only until June 23, 2022, and the petition is still nearly one month late.

      Petitioner also states that he is entitled to equitable tolling because he has been unable to reach his trial attorney—who has been suspended from practice—in order to obtain "much needed attorney trial files." Id. at 3. The Ninth Circuit has held that in some circumstances, equitable tolling may be appropriate where a pro se petitioner is entirely deprived of access to case materials. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("complete lack of access to a legal file may constitute an extraordinary circumstance"); Lott v. Muller, 304 F.3d 918, 924 (lack of access to files during temporary transfers); United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (transcripts withheld by former counsel). However, petitioner has failed to demonstrate that this is such a situation. Petitioner's general claim that he has been deprived of necessary files does not make a particularized showing that the portions of the record he lacked were so crucial that nothing else could be done until they were received. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) ("Deprivation of legal materials is the type of external impediment for which we have granted equitable tolling. But [petitioner] bears the burden of showing his own diligence and that the hardship caused by lack of access to his

materials was an extraordinary circumstance that caused him to file his petition . . . late." (internal citations omitted)).

Petitioner has failed to demonstrate that he is entitled to a period of equitable tolling sufficient to make the petition timely, and he has not identified any other grounds for tolling the statute of limitations. For these reasons, and those set forth in the October 20, 2022 order to show cause (ECF No. 6), which is incorporated herein by reference, the petition is untimely and should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: November 21, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE