UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW E. SANFORD,<br><br>    Petitioner,<br><br>    v.<br><br>BIRD,<br><br>    Respondent. | No. 2:22-cv-1304 KJM AC P<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.   Background

On October 20, 2022, petitioner was ordered to show cause why the petition should not be dismissed as untimely. ECF No. 6. Petitioner responded to the order and asserted that he was entitled to equitable tolling based on two separate sets of circumstances: (1) the deprivation of his trial transcripts from March 10, 2021 until June 23, 2021, and (2) his inability to obtain necessary files from his trial attorney. ECF No. 7. The undersigned found that (1) even assuming petitioner was entitled to tolling for the period that he was without his trial transcripts, his petition was still nearly one month late, and (2) he failed to demonstrate that the inability to obtain files from his trial attorney constituted an extraordinary circumstance warranting equitable tolling. ECF No. 8 at 2-3. It was recommended that the petition be dismissed as untimely. Id. Petitioner objected to

the findings and recommendations (ECF No. 9), and the assigned district judge declined to adopt the findings and recommendations and referred the matter back to the undersigned to further consider petitioner's entitlement to tolling (ECF No. 10).

II.     Supplemental Order to Show Cause

In light of the foregoing, petitioner will be given another opportunity to provide information regarding whether he is entitled to tolling and respondent will be afforded an opportunity to respond. If the court finds it necessary, an evidentiary hearing on the matter will be scheduled upon completion of briefing. If petitioner fails to demonstrate that he is entitled to tolling for a sufficient period of time, it will be recommended that the petition be dismissed as untimely.

As the court previously found, the one-year statute of limitations began to run on May 12, 2021, and, absent tolling, expired on May 11, 2022. ECF No. 6 at 2. The instant petition was not filed until July 20, 2022. ECF No. 1. In order to show that the petition is timely, petitioner must show that he is entitled to tolling of the statute of limitations, which can be demonstrated in several ways.

First, petitioner may show that he is entitled to statutory tolling during the time he was pursuing a properly filed habeas action in state court. 28 U.S.C. § 2244(d)(2). However, there is no tolling between the date his conviction became final and the date he filed his first state habeas petition. Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). Additionally, any state habeas petition would have to have been filed prior to the expiration of the one-year statute of limitations to have a tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). If petitioner believes that he is entitled to tolling during a period of time where he was pursuing state habeas relief, he should submit additional information regarding any state habeas petitions pursued during that time. Such information should include the case numbers, dates the petitions were filed, and the dates any decisions were issued.

Petitioner may also show that he is entitled to equitable tolling, as he asserted in his original response to the order to show cause and objections. Petitioner is entitled to equitable

tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In other words, petitioner must provide sufficient information showing that the circumstances actually prevented him from filing his petition in a timely manner and that he was diligent during that time.

With respect to the deprivation of his trial transcripts from March 10, 2021 until June 23, 2021,[1] petitioner should (1) address why he could not file a petition without his transcripts; (2) identify which claims the transcripts relate to; (3) provide a timeline of what he did during that time to obtain his transcripts and otherwise pursue his petition; and (4) include any other facts that he believes support a showing that the circumstances were extraordinary and that he was diligent during that time. As for petitioner's inability to obtain necessary files from his trial attorney, petitioner should provide a timeline that includes dates and outlines his attempts at obtaining the files. He should also provide information specifying (1) the contents of the files, (2) which claims they relate to, (3) why he could not file a timely petition without them, (4) whether the information he sought could be obtained from any other sources, and (5) any other facts he believes support his claim that the inability to obtain these files was an extraordinary circumstance and that he was diligent during the time he was trying to obtain them. If there are any other circumstances that petitioner believes warrants equitable tolling, he should also provide information regarding those circumstances.

Finally, a showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable

---

[1] The court notes that petitioner is not entitled to tolling for the time he was without his transcripts from March 10, 2021 through May 11, 2021, because the statute of limitations did not begin running until May 12, 2021. See Waldrip v. Hall, 548 F.3d 729, 736 (9th Cir. 2008) (state habeas petition that would have otherwise tolled the statute of limitations "had no effect on the timeliness of the ultimate federal filing" because it was denied before statute of limitations began to run).

doubt, the petitioner may pass through the Schlup[2] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386.  To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.  Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely;

2. Respondent may file a reply to petitioner's response to this order within thirty days of service of the response; and

3. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

DATED: January 19, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.