UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW E. SANFORD, | No. 2:22-cv-1304 KJM AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BIRD, | |
| Respondent. | |

Petitioner is a state[1] prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court are respondent's[2] motion to dismiss the petition as partially unexhausted and petitioner's motion to stay. ECF Nos. 25, 27.

I. Factual Background and Procedural History

On April 23, 2014, petitioner was convicted in El Dorado County Superior Court of murder with robbery and burglary special circumstances. ECF No. 1 at 1. On February 27, 2015, he was sentenced to life without parole. Id.

Petitioner, through counsel, appealed his conviction and sentence to the California Court of Appeal on the following grounds: (1) the thirty-two-year delay in prosecuting the case was

---

[1] Petitioner is currently in county custody pending resentencing. ECF No. 22.
[2] Respondent requests that Matthew McVay, the current warden of Valley State Prison, be substituted as respondent in this case. ECF No. 25 at 1. The request will be granted and the Clerk of the Court will be directed to update the docket accordingly.

1

1  prejudicial and violated petitioner's rights to due process and a fair trial; (2) the trial court erred in
2  excluding evidence; (3) the trial court improperly allowed DNA testimony; (4) the jury was
3  contaminated by evidence obtained from a juror's out-of-court experiment; (5) the jury was
4  improperly instructed that the prosecution did not have to prove his identity as the killer beyond a
5  reasonable doubt; (6) the robbery special circumstance allegations violated the Eighth
6  Amendment because they subjected petitioner to life imprisonment without parole for an
7  accidental or unforeseeable killing; and (7) the trial court erred in failing to hold a proper
8  <u>Marsden</u> hearing.  ECF No. 29-1.  The California Court of Appeals affirmed the trial court
9  judgment December 4, 2020.  ECF No. 1 at 2; ECF No. 18-2.
10         Petitioner filed a petition for review in the California Supreme Court that sought relief on
11  the following grounds: (1) the thirty-two-year delay in prosecuting the case violated petitioner's
12  due process rights; (2) the trial court violated petitioner's right to proof beyond a reasonable
13  doubt when it instructed the jurors they could determine his identity solely from his prior
14  statements; (3) the trial court's exclusion of evidence violated petitioner's rights to due process
15  and a fair trial; (4) the admission of DNA evidence without testimony as to the statistical
16  probability of a match violated due process; and (5) petitioner was deprived of due process and a
17  fair trial when deliberations were contaminated by a juror's out-of-court experiment.  ECF No.
18  18-3.  On February 10, 2021, the California Supreme Court denied the petition for review.  ECF
19  No. 18-4.  Petitioner did not petition the United States Supreme Court for certiorari.  ECF No. 1
20  at 3.
21         On May 5, 2022, petitioner filed a petition for resentencing in the El Dorado County
22  Superior Court.  ECF No. 18-5.  Review of the superior court's docket indicates the proceedings
23  are still ongoing.
24         The instant petition was received by the court on July 22, 2022, and attaches and
25  incorporates the petition for review and appellate brief from petitioner's direct appeal.  ECF No.
26  1.  Claims One through Five are the same grounds for relief presented to the California Supreme
27  Court in the petition for review.  <u>Id.</u> at 6-13.  Claims Six and Seven repeat petitioner's sixth and
28  seventh issues from his appellate brief, which were not included in the petition for review.  <u>See</u>

id. at 14-16. An attachment to the petition identifies five additional claims under the heading "Post Conviction 'New Evidence' Issues filed in State Court – Writ of Habeas Corpus Pending – not exhausted Yet." Id. at 19.

Although the undersigned initially recommended that the petition be dismissed as untimely, it was later determined that any timeliness determination was premature due to petitioner's pending petition for resentencing, and respondent was ordered to respond to the petition. ECF Nos. 8, 19. Respondent then moved to dismiss the petition as partially unexhausted, and petitioner filed a motion for stay and abeyance in response. ECF Nos. 25, 27.

## II. Motion to Dismiss

Respondent moves to dismiss the entire petition on the ground that Claims Six and Seven have not been exhausted because they have never been presented to the California Supreme Court. ECF No. 25. The motion makes no reference to petitioner's additional new claims. In response to the motion, petitioner has requested a stay under Rhines v. Weber, 544 U.S. 269 (2005), or alternatively, under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). ECF No. 27. Respondent objects to a stay under Rhines but does not oppose granting a stay under Kelly. ECF No. 28.

### A. Exhaustion

Federal courts are barred from adjudicating mixed petitions for habeas corpus, which are petitions containing both exhausted and unexhausted claims. Rhines, 544 U.S. at 273. In order "[t]o exhaust a constitutional claim, the claim must be 'fairly present[ed]' in state court to provide the state courts an opportunity to act on them." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014). Respondent asserts that Claims Six and Seven are unexhausted (ECF No. 25), which petitioner appears to concede (ECF No. 27). Review of the instant petition and petitioner's state supreme court petition for review confirms that Claims Six and Seven are unexhausted. Compare ECF No. 1 with ECF No. 18-3.

Although respondent's motion fails to address the additional, admittedly unexhausted claims identified in the attachment to the petition (ECF No. 1 at 19), the court has discretion to consider exhaustion sua sponte. Granberry v. Greer, 481 U.S. 129, 133-134 (1987). While it

does not appears that petitioner intended to bring the additional claims at the time he filed the petition,[3] to the extent that petitioner's list of "new evidence" claims is intended to state those claims rather than merely indicate an intention to add them by amendment following exhaustion, they should also be dismissed without prejudice as they are admittedly unexhausted.

### B. Request for Stay Under Rhines

In response to the motion to dismiss, petitioner requests a Rhines stay (ECF No. 27), which respondent opposes (ECF No. 28).

A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" and preserves the federal filing date for unexhausted claims contained in the federal petition. Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78. "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).

The "good cause" requirement under Rhines does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 61-662 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).

In his motion for stay and abeyance, petitioner states that he does not know why his post-conviction appellate attorney did not present Claims Six and Seven to the state supreme court, he did not know it was necessary to present his claims to the state supreme court to exhaust them, and he did not realize that the claims were unexhausted until respondent notified the court of his intention to move to dismiss the claims as unexhausted. ECF No. 27 at 1-2. However, petitioner

---

[3] Petitioner states in his petition that "new evidence discovered post conviction now makes a need to exhaust these issues in state court before presenting them in this court." ECF No. 1 at 18.

4

1 presumably had copies of his state court briefs, as they were attached to the petition in this case, 2 and he has not stated any facts or produced any evidence to show that there was a basis for his 3 belief that the claims were exhausted beyond his lack of legal knowledge. The "good cause" 4 standard is not met by a bare statement that a petitioner was "under the impression" that his 5 claims were exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) ("To accept that 6 a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good 7 cause' would render stay-and-abey orders routine."), and lack of legal knowledge does not 8 constitute good cause, Hamilton v. Clark, No. 2:08-cv-1008 EFB, 2010 WL 530111, at *2, 2010 9 U.S. Dist. LEXIS 20035, at *4 (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access 10 to a law library are common among pro se prisoners and do not constitute good cause for failure 11 to exhaust.") (collecting cases).

12 A petitioner seeking a stay and abeyance under Rhines must also show he has not been 13 intentionally dilatory in pursuing litigation. Rhines, 544 U.S. at 277-78. Petitioner has been 14 aware that Claims Six and Seven were potentially unexhausted since at least May 1, 2023, when 15 he responded to respondent's stated intent to file a motion to dismiss. ECF No. 23. However, his 16 response to the motion to dismiss, filed a month and a half later, makes no indication that he has 17 taken steps to exhaust the claims, and a search of the California Supreme Court's docket indicates 18 that petitioner has not filed any additional petitions in that court. Petitioner has therefore failed to 19 demonstrate that his has not been dilatory in pursuing the claims.

20 Since petitioner has failed to establish good cause or show that he has not been 21 intentionally dilatory, it is unnecessary for the court to examine whether his claims potentially 22 have merit. Wooten, 540 F.3d at 1023. Given that petitioner has not established good cause for 23 failing to exhaust his claims in state court or shown that he was not intentionally dilatory in 24 pursing litigation, a stay pursuant to Rhines is inappropriate.

25       C.     Request Under Kelly

26 In the alternative, petitioner appears to request a stay under Kelly, though he states such a 27 stay would put him at a disadvantage because he does not currently have access to his legal 28 ////

papers in order to file an amended petition. ECF No. 27 at 2. Respondent does not oppose the request. ECF No. 28 at 5.

Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Kelly, 315 F.3d at 1070-71. Once the additional claims have been exhausted, the petitioner may amend his petition to add the newly exhausted claims. This procedure does not require a showing of cause, but it does require the petitioner to timely resubmit the exhausted claims within the AEDPA's one-year limitations period. King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009). Therefore, a stay under Kelly presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted. Id. at 1140-41. The court may deny a request for stay under Kelly if newly exhausted claims would be time-barred. Id. at 1141-42.

Because petitioner's petition for resentencing is still pending, and respondent has conceded that the state petition will toll the statute of limitations so long as it is not denied as improperly filed (ECF No. 17 at 2), petitioner's claims will not clearly be time-barred once they are exhausted. The undersigned therefore finds a Kelly stay should be granted.

### D. Conclusion

As set forth above, Claims Six and Seven of the petition are not exhausted and a stay under Rhines is not appropriate. In light of petitioner's concerns regarding his ability to file an amended petition that omits the unexhausted claims prior to the case being stayed under Kelly, the undersigned will instead recommend that respondent's motion to dismiss be granted in part and that Claims Six and Seven be dismissed without prejudice and Claims One through Five be stayed under Kelly. To the extent that petitioner's list of "new evidence" claims is intended to state those claims rather than merely indicate an intention to add them by amendment following exhaustion, they should also be dismissed without prejudice as they are admittedly unexhausted.

### III. Plain Language Summary of this Order for a Pro Se Litigant

You have not shown that there was good cause for your failure to exhaust Claims Six and Seven before filing your petition in this court or that you have not delayed in attempting to exhaust those claims. As a result, it is being recommended that your request for a Rhines stay be

denied. Instead, it is being recommended that Claims Six and Seven and your additional "new evidence" claims be dismissed as unexhausted and that Claims One through Five be stayed under Kelly while you return to state court to exhaust any additional claims you wish to bring. If these findings and recommendations are adopted, once you have exhausted all your additional claims in state court, you will need to file an amended petition in this court that has all of the claims you want to bring and request the stay be lifted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's request to substitute (ECF No. 25 at 1) is GRANTED. Matthew McVay, the current warden at Valley State Prison, is substituted as respondent and the Clerk of the Court is directed to update the docket accordingly.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 25) be GRANTED to the extent that Claims Six and Seven, and the putative claims identified in the attachment to the petition, be dismissed without prejudice as unexhausted and otherwise DENIED.

2. Petitioner's motion for a stay (ECF No. 27) be GRANTED in part and DENIED in part as follows:

   a. DENIED as to the request for a stay under Rhines v. Weber, 544 U.S. 269 (2005).

   b. GRANTED as to the request for a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

3. Claims Six and Seven of the petition, and the putative claims listed at ECF No. 1 p. 19, be dismissed without prejudice as unexhausted and Claims One through Five of the petition be stayed under Kelly.

4. Petitioner be directed to immediately proceed to exhaust his state remedies.

5. Petitioner be directed to file a case status report every sixty days, advising the court of the progress of his state habeas petition.

6. Petitioner be directed that, within thirty days of a decision by the state's highest court exhausting his new claims, he must notify this court of the decision and at that time request a lift of the stay and file an amended petition setting forth all of his exhausted claims.

7. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE